IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLENN SHERMAN SEALS, JR, | ) |
| | ) |
| Petitioner, | ) |
| | )   CIV-19-180-G |
| | ) |
| RICK MORELLANO, Sheriff of Tulsa County, | ) |
| | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state pre-trial detainee appearing *pro se*, initiated this action under 28 U.S.C. § 2241 seeking a writ of habeas corpus. Doc. No. 1 ("Petition"). United States District Judge Charles Goodwin has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), (C). Following the requisite screening of the Petition, the undersigned recommends the transfer of this action to the United States District Court for the Northern District of Oklahoma.

In his Petition, Petitioner alleges that he is being improperly held in the Tulsa County Detention Center located in Tulsa, Oklahoma. *See generally* Petition. Petitioner's challenge to his ongoing custody is improperly filed in this Court. A habeas corpus petition must be filed in the district in which the prisoner and/or the sentencing court is located. *See* 28 U.S.C. § 2241(d); *Rumsfeld v.*

*Padilla*, 542 U.S. 426, 443 (2004); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Tulsa, Oklahoma and the County of Tulsa, State of Oklahoma are located within the Northern District of Oklahoma. 28 U.S.C. § 116(a).[1] Thus, venue is proper in that court. 28 U.S.C. § 1391(b)(2).

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." It would be in the interest of justice to transfer this case to the Northern District of Oklahoma.

## RECOMMENDATION

The undersigned recommends the transfer of this action to the United States District Court for the Northern District of Oklahoma. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___March 20th___, 2019, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and

---

[1] The undersigned takes judicial notice of the location of Tulsa, Oklahoma. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

Recommendation would waive appellate review of the recommended ruling. *Moore v. United States of America*, 950 F.2d 656 (10th Cir. 1991); *see, c.f.*, *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Dated this  28th  day of   February, 2019.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE